### 12433

### GIBBONS v. FARMERS' BANK

#### (143 S. E., 19)

BANKS AND BANKING—EVIDENCE IN ACTION AGAINST BANK FOR FAIL-URE TO PAY CHECK AS TO HAVING SUFFICIENT FUNDS ON DEPOSIT REQUIRED SUBMISSION TO JURY.—In action against bank for damages for failure to pay plaintiff's check drawn in favor of another, evidence relative to presentment of check during period in which plaintiff had sufficient funds on deposit *held* sufficient to require submission of case to jury.

Before BONHAM, J., Florence, February, 1927. Affirmed.

Action by Tillman Gibbons against the Farmers' Bank. Judgment for plaintiff, and defendant appeals.

*Messrs. John Mac Truluck,* and *D. Gordon Baker,* for appellant, cite: *Cases distinguished:* 116 S. C., 215.

*Messrs. Dinkins & Stukes,* for respondent, cite: *On a defendant's motion for a directed verdict the evidence must be considered most favorable to plaintiff in determining whether the motion shall be granted:* 125 S. C., 303. *Directed verdict:* 138 S. E., 675. *Defendant's remedy would have been a non-suit:* Sup. Ct. Rule 27.

April 23, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The plaintiff, in the Court of Common Pleas for Florence County, had a verdict in his favor against the defendant bank for $750, actual damages, for failure of the defendant to pay plaintiff's check drawn in favor of S. J. Tomlinson for $4. On motion for new trial, the trial Judge, Hon. M. L. Bonham, granted a new trial *nisi,* unless the plaintiff should remit of the verdict in his favor the sum of $350. The plaintiff made the required remission.

The appeal here by the defendant charges error on the part of the Circuit Judge in not directing a verdict, and for failure to grant a new trial generally. All the exceptions may be disposed of together.

The one question really before the Circuit Judge—and that is the only question before this Court—depends upon whether or not there was any evidence to go to the jury as to the presentation of plaintiff's check for payment at the bank on February 2d, or at any time thereafter prior to April 2, 1925. It is established beyond question that on February 2, 1925, plaintiff deposited in the defendant bank the sum of $47.15, and from that date until and including April 2, 1925, plaintiff had at all times more than the sum of $4 in the bank.

The defendant admits, and really its sole claim here is and in the Court below was, that plaintiff's check was presented to the bank on January 31, 1925, two days before plaintiff's deposit was made with the bank.

The testimony of the plaintiff, who was the sole witness for himself, was to the effect that on January 30, 1925, he arranged with Mr. Tomlinson, a merchant in Olanta, who was also president of the defendant, to discount plaintiff's note for $50. The note was prepared and executed by plaintiff, who was to take it to his home in the country and secure the indorsement of two of his friends, and thereupon he was to return the note by mail to the bank, which had agreed to discount the paper and place the proceeds to plaintiff's credit. At the time of executing the note, plaintiff purchased some goods from Mr. Tomlinson and gave him the check in question, which was postdated February 2, 1925, by which time it was understood that the indorsed note would be in the hands of the bank to be discounted to plaintiff's credit. Plaintiff testified that as per the arrangements made with Mr. Tomlinson, he secured the indorsement of the note and mailed it at the New Zion post office on January 31st. It is not shown positively when the note was received by the bank, but it was evidently received on February 2d, or prior thereto, as plaintiff was on that date given credit for the proceeds of the note. After plaintiff had withdrawn all of his funds from the bank, in August, 1925, he was arrested on a warrant, issued at the instance of Mr. Tomlinson, for giving the check in question without sufficient funds to meet the same; and upon settlement by the plaintiff the criminal charge was withdrawn. This warrant and the affidavit of Mr. Tomlinson, upon which the warrant was issued, were introduced in evidence by the plaintiff. The witnesses for the defendant were clear in their statements that by mistake of an employee of Mr. Tomlinson plaintiff's check was presented to the bank on January 31, 1925, prior to the deposit of the proceeds of the note.

While plaintiff's testimony by itself, perhaps, did not establish the presentation of the check on February 2d, or on any date thereafter, the evidence furnished by the plaintiff, taken with some of the evidence furnished by the defendant, was sufficient, in our opinion, to require that the case be submitted to the jury. The witness, J. T. Wates, who is employed by Mr. Tomlinson, testified positively that he presented the check on January 31st, and that it was presented at a subsequent date, but that he did not recall the date of the second presentation. He said that he left Olanta on February 4th, on his "honeymoon," and that he returned to his work about a week afterward; that soon after he returned Mr. Tomlinson went away for a few days, and that it was about a month or so before he caught up with his work.

It is to be presumed, of course, that within a reasonable time after February 2d, the date of the check, presentation thereof was made at the bank. Mr. Tomlinson's affidavit, on which the warrant of arrest was based, was a little evidence that the check had been presented for payment within a reasonable time after its date, February 2d. These facts and presumptions, coupled with the evidence of Mr. Wates, together with all the other circumstances in the case, required the submission of the case to the jury. We admit that the proof of presentation is not overwhelming, but it must be conceded that the plaintiff was at some disadvantage in proving his case, since the person to whom he made the check happened to be the president of the bank.

The judgment of this Court is that the judgment below be and the same is hereby affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (dissenting): This is an action for damages resulting from the alleged failure of the defendant bank to honor a check drawn by the plaintiff upon

it, in favor of S. J. Tomlinson, for $4. The check was delivered to Tomlinson on January 30, 1925, but postdated February 2, 1925, in payment of a bill of goods. It is conceded that at that time the plaintiff did not have as much as $4 to his credit in the bank.

It appears that on the day that the plaintiff gave the $4 check to Tomlinson, and just before, he applied to the bank, of which Tomlinson was president but who did not handle the transaction, for a loan of $50. It was agreed to be made provided the plaintiff obtained the indorsement of another, who was named, and return the completed note to the bank. The plaintiff then went to Tomlinson's store, and, explaining the transaction he had had with the bank, applied for a bill of groceries. Tomlinson stated that he could get them to the amount of $4 upon his giving a check upon the deposit proceeds of the note for that amount. The transaction between the plaintiff and Tomlinson was then closed; the plaintiff procured the goods and gave Tomlinson a check on the anticipated deposit for $4, postdated February 2, 1925.

The plaintiff, who lived some distance from Olanta, then went home, and at some time Friday afternoon or Saturday morning obtained the desired indorsement from his friend, and mailed the completed note to the bank, somewhere around 12 o'clock on Saturday, January 31st.

At what time the letter containing the note reached Olanta and was delivered to the bank does not appear, although one of the bank's officers testified that mail on that particular R. F. D. route usually reached Olanta in the evening and was not distributed until the next morning. The books of the bank showed that on February 2, 1925, the plaintiff had been given credit for $47.15, the proceeds of the note.

In the meantime the bookkeeper of Tomlinson (Wates), as he testified, not noticing that the check was postdated, presented it at the bank for payment or deposit on Saturday, January 31st, where payment was refused upon the ground that the plaintiff at that time had no account with the bank.

The check was returned to Tomlinson the same day. Wates also testified that at some time later, the exact date he could not remember, he presented the check a second time, *but after the plaintiff had drawn out the entire deposit* of February 2, $47.15, and an additional deposit of $5.71 on April 2d, when the account was balanced with nothing to the plaintiff's credit.

Rush, the assistant cashier, testified that he could not remember the date of the presentation of the check, but that he knew that when it was presented the plaintiff did not even have an account in the bank, and that he so indorsed the check; that when the check was presented, beyond his knowledge that the plaintiff did not have an account, he personally examined the books and the deposit file to be sure.

In August, 1925, the check not having been made good, Tomlinson swore out a warrant against the plaintiff under the "bogus" check statute and got his money, after which the prosecution was withdrawn.

In the affidavit upon which the warrant was issued, Tomlinson swore "that he is informed and believes that Tillman Gibbons did on or about February 2, 1925, in the county of Florence, state of South Carolina, *make, issue, and deliver,* receiving at the time value therefor, his certain check on the Farmers' Bank of Olanta, payable to the order of S. J. Tomlinson, for the sum of $4, while he, the said Tillman Gibbons, had not sufficient funds in the said bank to meet or cause payment on said check."

It was incumbent upon the plaintiff, in order to maintain his action, to establish the fact that when his check was presented he had sufficient funds on deposit with the bank to meet the same, and that the bank had wrongfuly refused payment of it. I do not think that he has offered a particle of evidence to sustain this contention. The only evidence as to the date his letter containing the note was received by the bank is the entry of his deposit on February 2d. It

cannot be assumed, in the absence of evidence, that it was received on Saturday; and if it had been, the check was postdated February 2d and could not have been paid if it had been presented earlier than that. There is not a particle of evidence to show that the check was presented on February 2d, or at a later date, when his deposit was sufficient to meet it.

In the leading opinion it is stated:

"It is to be presumed, of course, that within a reasonable time after February 2d, the date of the check, presentation thereof was made at the bank."

I do not think that any such presumption can possibly exist, in view of the positive burden upon the plaintiff to show, as the basis of his action, that the check was presented at a time when he had on deposit funds sufficient to meet it. Moreover, the bank cannot be charged with the delay, if any, of Tomlinson, in the presentation of the check.

The leading opinion also states:

"The witness J. T. Wates, who is employed by Mr. Tomlinson, testified positively that he presented the check on January 31st, and that it was presented at a subsequent date, but that he did not recall the date of the second presentation."

The learned justice is inadvertent to the fact that Wates testified, also, that he did not make the second presentation *until after the plaintiff had drawn out all of his deposit;* the account was closed on April 2, 1925.

It is also stated:

"Mr. Tomlinson's affidavit, on which the warrant of arrest was based, was a little evidence that the check had been presented for payment within a reasonable time after its date, February 2d."

In the first place, the affidavit makes no reference to the fact of presentation; it refers only to the making, issuing, and delivering of the check to Tomlinson, "the plaintiff receiving at the time value therefor," which was admittedly

on January 30th, though stated in the affidavit as "on or about February 2d," as it was.

In the second place, Tomlinson in making the affidavit was not acting for the bank; he individually had parted with his goods for a check which his own bookkeeper had presented for payment before it was payable and had neglected to present it again, although two months elapsed, until after all the deposit had been withdrawn. The bank was not interested in that transaction and could not be bound by Tomlinson's declarations.

I think, therefore, that the judgment should be reversed and that the case should be remanded for the entry of judgment for the defendant under Rule 27.